IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Maurice Antwaun McKnight,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:12-cr-00063-TLW-1<br>C/A No. 4:16-cv-00306-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Maurice Antwaun McKnight. For the reasons stated below, the Court dismisses the petition.

## I.   Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge. After a four-level downward departure, he was sentenced to 240 months incarceration.[1] He filed a direct appeal, but the Fourth Circuit dismissed the appeal and entered judgment on December 19, 2013. ECF No. 225, 226. He did not file a petition for rehearing. On December 9, 2014, he filed a petition for writ of certiorari with the Supreme Court. ECF No. 265-1. The Supreme Court denied the petition on January 26, 2015. *McKnight v. United States*, 135 S. Ct. 1188 (2015).

On January 27, 2016,[2] Petitioner filed this § 2255 petition based on various allegations of ineffective assistance of counsel. ECF No. 260. The Government filed a response in opposition

---

[1] His sentence was subsequently reduced to 192 months as a result of Amendment 782 to the sentencing guidelines. ECF No. 254.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

and a motion to dismiss, asserting that the petition should be dismissed as untimely. ECF Nos. 265, 266. He did not file a reply, despite the Court's issuance of a *Roseboro* order. ECF No. 267.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se.  Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

### A.  Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely.  The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Court will address the applicability of each of these subsections.

1.  *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). His one-year statute of limitations began to run on March 19, 2014, the date his time expired to file a petition for a writ of certiorari from the Supreme Court.[3] Thus, under § 2255(f)(1), he had one year—until March 19, 2015—in which to file his § 2255 petition. However, he did not file his § 2255 petition until January 27, 2016—more than ten months late.

The fact that Petitioner filed an untimely petition for writ of certiorari is irrelevant because otherwise, "a § 2255 petitioner would be able to restart the limitations period—at any time—by filing an untimely petition for certiorari." *Bernard v. United States*, No. 09-CV-3270 (FB), 2010 WL 391381, at *1 n.2 (E.D.N.Y. Jan. 29, 2010). As the Supreme Court has recognized, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Various courts of appeals have also recognized that filing an untimely petition for certiorari does not toll the statute of limitations on a § 2255 petition. *See United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011); *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008); *United States v. Bendolph*, 409 F.3d 155, 158 n.5 (3d Cir. 2005). Thus, because he did not timely file his petition for certiorari, it did not toll the statute of limitations for his § 2255 petition, which expired on March 19, 2015. Because he did not file his § 2255 petition until January 27, 2016, the Court concludes that it is untimely pursuant to § 2255(f)(1).

---

[3] Rule 13(1) of the Rules of the Supreme Court gives a defendant 90 days from the entry of judgment in the court of appeals to file a petition for a writ of certiorari.

      2.      *§ 2255(f)(2)–(4)*

The Court does not find that any triggering date set forth in § 2255(f)(2)–(4) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition, that any right newly recognized by the Supreme Court applies to his case, or that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2)–(4).

      **B.**      **Equitable Tolling**

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor does the Court's review of the record indicate any basis to apply the doctrine to this case.

## V.      Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 266, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 260, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

Appellate Procedure.

    **IT IS SO ORDERED**.

                                              *s/ Terry L. Wooten*
                                              Terry L. Wooten
                                              Chief United States District Judge

October 11, 2016
Columbia, South Carolina