IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Maurice Antwaun McKnight,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:12-cr-00063-TLW-1<br>C/A No. 4:20-cv-04517-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of a motion filed by Petitioner Maurice Antwaun McKnight in which he asks the Court to give him credit for acceptance of responsibility. Because this filing challenges his sentence, the Court construes it as a petition for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.   Factual and Procedural History

McKnight pled guilty to a drug conspiracy charge. After a four-level downward departure, the Court sentenced him to 240 months incarceration, followed by 5 years of supervised release.[1] ECF No. 161. He filed a direct appeal, but the Fourth Circuit dismissed the appeal. ECF No. 225. He then filed an untimely petition for a writ of certiorari with the Supreme Court, which the Supreme Court denied. *McKnight v.*

---

[1] His sentence was subsequently reduced to 192 months as a result of Amendment 782 to the sentencing guidelines, and then to 156 months after the Court granted the Government's Rule 35(b) motion. ECF Nos. 254, 307.

*United States*, 135 S. Ct. 1188 (2015).

On January 27, 2016, McKnight filed a § 2255 petition. ECF No. 260. After briefing, the Court granted the Government's motion to dismiss the petition as untimely. ECF No. 269. He did not appeal the dismissal of his petition.

On October 28, 2020, McKnight filed the instant § 2255 petition, in which he asks the Court to give him credit for acceptance of responsibility, which he lost due to an ultimately-dismissed state charge that he incurred while on bond. ECF No. 336; *see* PSR ¶¶ 55, 69, 81.

McKnight has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.  Discussion

Because McKnight has filed a previous § 2255 petition, this one is second or successive.

> A second or successive [§ 2255 petition] must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because McKnight has not received an order from the Fourth Circuit

authorizing a second or successive § 2255 petition, the Court does not have jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, McKnight's petition for relief pursuant to § 2255, ECF No. 336, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that McKnight satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. He may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

                <u>*s/ Terry L. Wooten*</u>
                Terry L. Wooten
                Senior United States District Judge

January 22, 2021
Columbia, South Carolina

4