IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Maurice Antwaun McKnight | Crim. No. 4:12-cr-00063<br><br>**Order** |

This matter is before the Court on Defendant Maurice Antawaun McKnight's pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 340. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On March 27, 2012, Defendant pled guilty to conspiring to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. ECF Nos. 82, 83, 84. During a sentencing hearing held on October 10, 2012, Defendant was sentenced to 240 months of imprisonment after the Court granted the Government's motion to depart from the Guidelines. ECF Nos. 151, 161. On September 24, 2015, the Court reduced Defendant's sentence to 192 months of imprisonment pursuant to Guideline Amendment 782. ECF No. 254. On July 6, 2017, the Court granted the Government's motion and reduced Defendant's sentence to 156 months. ECF Nos. 299, 307. BOP records reflect that his projected release date is August 13, 2022.

1

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and

compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he states that a sentence reduction is warranted based on the existence of COVID-19 and his alleged medical condition that makes him particularly vulnerable to becoming seriously ill if infected. ECF No. 340 at 1. Specifically, Defendant states that he suffers from asthma and has trouble breathing. *Id.* He also notes the difficulty of socially distancing in "two man cells." *Id.* He asserts that these circumstances establish an "extraordinary and compelling reason" that warrants a sentence reduction. *Id.* He also notes that he has served 75 percent of his sentence and has 20 months remaining. *Id.*

The Government opposes his motion, arguing that "Defendant has failed to present 'extraordinary and compelling reasons' warranting a sentence reduction" and that "the § 3553(a) factors counsel against granting the 'rare' remedy of a reduction." ECF No. 342 at 9-14. In support of its argument, the Government notes that Defendant has not provided medical records to verify his alleged condition and outlines the seriousness of the instant offense and Defendant's criminal history.

In considering whether to reduce Defendant's sentence, the Court has carefully

reviewed the Presentence Investigation Report (PSR) and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct.[1] In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include (1) Defendant's lack of medical records, (2) the seriousness of the instant offense, and (4) his criminal history.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants a sentence reduction. Defendant argues that his asthma, in light of COVID-19 and his inability to socially distance, warrant a sentence reduction. ECF No 340 at 1. However, Defendant has not provided any medical records to verify his condition or demonstrate the severity of his condition. The Court acknowledges that Defendant's PSR from 2012 states that "[a]ccording to the defendant, he was diagnosed with asthma at birth and uses an inhaler when needed to treat this condition." PSR ¶ 88. But the PSR also states that Defendant had previously used his inhaler "approximately one year ago," he was "not under the care of a physician," and

---

[1] The Court has considered in its analysis all of the issues raised in Defendant's filings, including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities; (3) his asserted medical conditions in light of COVID-19; (4) and the percentage of his sentence served and the time remaining.

4

was "not taking any other prescribed medications." *Id.* Without updated medical records to verify the existence and/or severity of Defendant's claimed condition, he has not established an "extraordinary and compelling reason" that warrants a reduction in sentence.[2]

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that his motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring). In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Defendant's criminal history. The instant offense conduct is outlined in Paragraphs 9 – 50 of the PSR. The Court will not restate the facts here but will highlight some of the more egregious details. Defendant was convicted of a serious drug offense—conspiring to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. He was a substantial drug dealer who was held accountable for over 54 kilograms of cocaine and over 21 kilograms of crack. PSR ¶ 50. He also received a two-level enhancement for possessing a firearm and a knife during his drug dealings. PSR ¶ 74. After the Court's review of Defendant's offense conduct, the Court concludes the "nature and circumstances of the offense" weigh against release.

---

[2] The Court also notes, as stated in the Government's brief, that the BOP began administering COVID-19 vaccines to inmates and staff in January 2021. According to BOP records, approximately 205,887 doses have been administered as of August 4, 2021. Specifically, Elkton FCI (Defendant's facility) has fully inoculated 209 staff members and 1,105 inmates.

Prior to committing the instant offense, Defendant had a lengthy and extensive criminal history: (1) simple assault and battery (2001); (2) crossing guard lines with drugs (2002) (entered the guard lines at a state correctional institution with marijuana); (3) driving under the influence of alcohol (2004); and (4) several drug possession convictions. PSR ¶¶ 57-61. Defendant also committed the instant offense while on probation for possession of marijuana and for crossing guard lines with drugs. PSR ¶ 66. Defendant's criminal history demonstrates his disrespect for the law, his disregard for the safety of others, and his propensity to engage in criminal conduct. After a review of Defendant's prior convictions and noncompliance with probation, the Court concludes that the "history and characteristics of the defendant" also weigh against release.

In light of the Court's review of Defendant's instant offense conduct and criminal history, the Court also concludes that §§ 3553(a)(2)(A)-(C) weigh against release. In sum, Defendant was convicted of a serious drug distribution offense. He was a substantial, armed, drug dealer who was held accountable for kilogram quantities of both crack and cocaine. At the time he committed the instant offense, he had several prior convictions for other serious conduct, and was serving a probationary sentence when he committed the instant offense. Defendant's conduct, both during the instant offense and in the past, demonstrates that his sentence was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant. Therefore, the Court concludes that these factors

6

also weigh against release.

As to §§ 3553(a)(3)-(4)—the kinds of sentences available and the sentencing range established for the offense—the Court notes that it imposed a sentence below the Guideline range after granting the Government's motion to depart from the Guidelines. ECF No. 151. The Government filed a 5K1.1 motion seeking a reduction based on cooperation. ECF No. 150. After granting the Government's motion, the Court imposed a sentence below the PSR Guideline range. ECF No. 161. Then, pursuant to United States Sentencing Guideline Amendment 782 providing for a sentence reduction, Defendant was sentenced to 192 months. ECF No. 254. In July 2017, Defendant's sentence was reduced to 156 months after the Court granted the Government's Rule 35(b) motion regarding a second reduction based on cooperation. ECF Nos. 299, 307. After the Court's review of the applicable Guidelines, the sentences imposed, and the subsequent reductions, the Court concludes that these factors also weigh against release.

The Court acknowledges that Defendant has served a majority of his sentence and has approximately one year until his projected release date. But that consideration, in light of the factors outlined above, does not warrant a reduction or release. The Court's § 3553(a) analysis counsels that Defendant must serve the remainder of the sentence imposed.

Because Defendant failed to establish an "extraordinary and compelling reason" warranting a reduction, and in light of the seriousness of the instant offense, the Court concludes that a reduction in sentence is not appropriate. Accordingly, his

7

compassionate release motion, ECF No. 340, is **DENIED**.[3][4]

        **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 4, 2021
Columbia, South Carolina

---

[3] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[4] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.